cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Lopez MUNGUIA,<br><br>              Plaintiff,<br>v.<br><br>J. FRIAS, et al.,<br><br>              Defendants. | Civil No.07cv1016 J (AJB)<br><br>Order Denying Request for<br>Appointment of Counsel<br>[Doc. No. 18] |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed an action under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth Amendment by prison officials. Plaintiff argues that an appointment of counsel is required in this case based upon Plaintiff's indigent status and California Rule of Court 4.551(c)(2). Based upon Plaintiff's application and a review of the pleadings in this case, the Court concludes that there is no basis for appointment of counsel at this point in the proceedings.

    "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell*

*v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court does not find that exceptional circumstances exist so as to justify an appointment of counsel. Plaintiff has been able to set forth the factual and legal basis for his claims in a straightforward and intelligent manner with sufficient clarity to allow them to be addressed on their merits. Plaintiff's legal claims, and the factual bases for those claims in this case, are not so complex as to require the appointment of counsel. Accordingly, the Court finds that there do not exist "exceptional circumstances" requiring the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the proceedings. Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: January 8, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court