cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Lopez MUNGUIA,<br><br>                Plaintiff,<br>v.<br><br>J. FRIAS, et al.,<br><br>                Defendants. | Civil No.07cv1016 J (AJB)<br><br>**ORDER OF CONFIDENTIALITY DIRECTING ATTORNEY GENERAL TO PROVIDE INFORMATION AS TO DEFENDANT FRIAS' ADDRESS TO THE U.S. MARSHAL, AND DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4 FOR SERVICE OF THE COMPLAINT**<br>[Doc. No. 17.] |

      The Plaintiff, currently an inmate at Pleasant Valley State Prison in Coalinga, California, proceeding *pro se* and *in forma pauperis*, filed the instant action under 42 U.S.C. § 1983, on the basis of alleged actions by certain prison staff at Calipatria State Prison ("Calipatria") where Plaintiff was formerly incarcerated. On November 26, 2007, Plaintiff filed a motion requesting permission to re-serve Defendant J. Frias. On September 24, 2007, the Process Receipt and Return was returned unexecuted as to J. Frias indicating that he had transferred. Plaintiff heard from other inmates that Frias may have been transferred to Centinela State Prison but he is not sure if that is true. Plaintiff seeks to locate Defendant Frias' address in order to serve the First Amended Complaint.

      "[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to

1  help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure
2  to effect service. . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has
3  furnished the information necessary to identify the defendant, the marshal's failure to effect service of
4  process is automatically good cause within the meaning of Fed. R. Civ. P. 4(j)." Walker v. Sumner, 14
5  F.3d 1415, 1422 (9th Cir. 1994).

6  Here, Plaintiff has identified the Defendant. **As long as the privacy of Defendant's
7  forwarding address can be preserved**, Plaintiff is entitled to be able to serve his First Amended
8  Complaint. Accordingly, the Court **ORDERS** the Attorney General assigned to this case to provide the
9  forwarding address for Defendant J. Frias to the U.S. Marshal in a **confidential memorandum**
10 indicating that the subpoena is to be delivered to that address. The Attorney General shall provide the
11 U.S. Marshal with any such information on or before **June 13, 2008.**

12 After receipt of any available address from the Attorney General, the Court **ORDERS** the U.S.
13 Marshal to serve a copy of the First Amended Complaint and summons upon Defendant Frias. All costs
14 of service shall be advanced by the United States. The Clerk of the Court, the Attorney General, and the
15 Office of the U.S. Marshal are **HEREBY ORDERED** to keep the address of Defendant Frias strictly
16 confidential. The address of Defendant Frias **SHALL NOT** appear on any 285 form, **SHALL NOT** be
17 provided to Plaintiff, and **SHALL NOT** be made part of the Court record.
18 IT IS SO ORDERED.

21 DATED: June 3, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court