cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Jesus Lopez MUNGUIA, | ) | Civil No.07cv1016 J (AJB) |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **GRANTING MOTION TO DISMISS** |
| J. FRIAS, et al., | ) | **WITHOUT PREJUDICE** |
| | ) | |
| Defendants. | ) | [Doc. No. 22.] |

Defendants D. Pollard, G. Siota, R. Sutton, A. Lopez, and W. Griggs (collectively referred to as "Defendants") have filed a motion to dismiss Plaintiff Jesus Lopez Munguia's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff filed an opposition on February 25, 2008 and another one on June 5, 2008. Defendants filed a reply on February 28, 2008. After a thorough review of the papers and all supporting documents, this Court recommends that Defendants' motion to dismiss be **GRANTED** and Plaintiff's First Amended Complaint be **DISMISSED** without prejudice.

## BACKGROUND

**A.    Procedural History**

On June 4, 2007, Plaintiff, an inmate incarcerated at the California State Prison in Calipatria,[1] California, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C.

---

[1] On October 23, 2007, Plaintiff notified the Court that he has been transferred to Pleasant Valley State Prison. (Dkt. No. 15.)

§ 1983. On August 27, 2007, Plaintiff filed a motion for leave to file an amended complaint. On August 29, 2007, the Court issued an order informing Plaintiff that he may file a first amended complaint without leave of court before a responsive pleading is filed. In that order, the Court cited Ninth Circuit law stating that the amended complaint must be complete in itself without reference to the original complaint and any claims not re-alleged in the amended complaint will be deemed to have been waived. (Dkt. No. 7.)

On November 2, 2007, Defendants filed a motion to dismiss the Complaint. On December 11, 2007, District Judge Napoleon A. Jones allowed the filing of Plaintiff's First Amended Complaint[2] which was filed *nunc pro tunc* to November 26, 2007. (Dkt. No. 20.) On December 13, 2007, Defendants A. Lopez, W. Griggs, D. Pollard, G. Siota and R. Sutton filed a motion to dismiss the First Amended Complaint. On February 25, 2008 and again on June 5, 2008[3], Plaintiff filed an opposition. Defendants filed a reply on February 28, 2008.

**B.     Factual Background**

The First Amended Complaint states that Defendants J. Frias[4], D. Pollard, A.Lopez and W. Griggs were correctional officers at Calipatria State Prison during the alleged incident. Defendant G. Siota was a correctional lieutenant and Defendant R. Sutton was a correctional sergeant at Calipatria State Prison during the alleged incident.

Around February 2006, Plaintiff went to an outside hospital and received nine staples for a two inch laceration on the back, top and left side of his head. (First Amended Complaint ("FAC") at 5.) On

---

[2] "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Based on the detailed allegations in the original complaint and the conclusory allegations in the amended complaint, Plaintiff may have incorrectly assumed that the amended complaint supplements the original complaint.

[3] Based on the contents of the opposition papers, it appears the opposition filed on February 25, 2008 focused on arguments opposing the motion to dismiss the original complaint, while the opposition filed on June 5, 2008 contained arguments opposing the motion to dismiss the first amended complaint. (Dkt. Nos. 34, 38.)

[4] Defendant J. Frias has not yet been served with the amended complaint. On June 3, 2008, the Court issued an Order of Confidentiality Directing Attorney General to Provide Information as to Defendant Frias' Address to the U.S. Marshall, and Directing the U.S. Marshal to Effect Service of Process Pursuant to Fed. R. Civ. P. 4 for Service of the Complaint. (Dkt. No. 35.)

December 22, 2006, Plaintiff went to an outside hospital for reconstructive knee surgery. (Id. at 5-6.) He was scheduled to see Dr. Smith who performed his surgery for the possibility of another knee surgery in October 2007. (Id. at 6.)

Plaintiff alleges that Defendants have been aware since February 2006 of Plaintiff's need for treatment of pain based on their excessive use of force and unnecessary and wanton pain when he was beaten by a baton. (Id.) Plaintiff suffers from severe knee pain from when he was hit from a baton by Defendant J. Frias. (Id.) He requires daily treatment with pain medication. (Id.) Plaintiff claims that his medical condition constitutes a serious medical need and failure to treat the condition will result in further significant injury. (Id. at 7.) In addition, he claims his medical condition significantly affects his daily activities in prison. (Id.)

Plaintiff seeks to hold Defendants liable based on theories that: (1) they used excessive force when Plaintiff was hit with a baton in February 2006; and (2) they acted with a deliberate indifference to his serious medical needs. (Id.) Plaintiff purports to bring claims under section 1983 for violation of his rights under the Eighth Amendment. Plaintiff seeks injunctive relief, general, compensatory and punitive damages, nominal damages and costs. (Id. at 8.)

## DISCUSSION

Defendants Pollard, Lopez, Siota, Sutton and Griggs now move to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend (1) Plaintiff has failed to state a claim of excessive force against any of the served Defendants and (2) Plaintiff has not alleged a claim for deliberate indifference to a serious medical need.

**A.   Applicable Legal Standards**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A claim can only be dismissed when "a plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. N.L.

1  Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Bus., Inc. v. Symington, 51
2  F.3d 1480, 1484 (9th Cir. 1995).

3        Where a plaintiff appears in propria persona in a civil rights case, the court must construe the
4  pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police
5  Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in
6  civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpreta-
7  tion to a pro se civil rights complaint, however, the court may not "supply essential elements of the
8  claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268
9  (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are
10 not sufficient to withstand a motion to dismiss." Id.

11 **B.  Excessive Force**

12       Defendants argue that Plaintiff has failed to sufficiently allege a claim of excessive force against
13 any of the served Defendants. Claims of excessive use of force arising after conviction and sentence are
14 analyzed under the Eighth Amendment's "cruel and unusual punishment" analysis. See Hudson v.
15 McMillian, 503 U.S. 1 (1992). The United States Supreme Court has established that the unnecessary
16 and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth
17 Amendment. Hudson, 503 U.S. at 5. In determining whether prison officials inflicted "unnecessary and
18 wanton pain," the relevant question is whether "force was applied in a good faith effort to maintain or
19 restore discipline or was applied maliciously and sadistically for the very purpose of causing harm." Id.
20 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

> The Hudson Court laid out five factors to be considering in making this determi-
> nation: (1) the extent of injury suffered by an inmate; (2) the need for application
> of force; (3) the relationship between that need and the amount of force used; (4)
> the threat reasonably perceived by the responsible officials; and (5) any efforts
> made to temper the severity of a forceful response.

24 Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003) (citing Hudson, 503 U.S. at 7-8.)

25       Here, the Amended Complaint merely references that he was "beaten with a baton," that his
26 "knee still causing pain, from baton hits by J. Frias," and that he is "still being accosted." (FAC at 6-7.)
27 The Amended Complaint alleges that J. Frias hit him with a baton but J. Frias has not yet been served
28 with the Amended Complaint and is not subject to the instant motion. Second, the allegations that he

was beaten with a baton and is still being accosted by the Defendants are conclusory and insufficient to state a claim for relief.  See McGuckin, 974 F.2d at 1060.  Plaintiff has failed to state who hit him with the baton, who else was involved in that incident and specific facts about who and how he is currently being accosted.   The Court notes that the opposition papers and accompanying exhibits describe in detail the purported incident of excessive force; however in a motion to dismiss, the Court must look at the sufficiency of the claims in the Amended Complaint and not the arguments in the motion papers. See Navarro, 250 F.3d at 732.  Accordingly, Defendants' motion to dismiss the claim of excessive force should be **GRANTED.**

**C.     Deliberate Indifference to Serious Medical Needs**

Defendants move to dismiss Plaintiff's section 1983 claim for deliberate indifference to his serious medical needs because Plaintiff has failed to allege facts sufficient to state a claim for a violation of the Eighth Amendment.  "Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted).  This principle "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103.  The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.; see also West v. Atkins, 487 U.S. 42, 54-55 (1988).

Thus, to establish a violation of the Eighth Amendment, Plaintiff must plead sufficient acts or omissions to show that defendants were deliberately indifferent to his serious medical needs.  See Estelle, 429 U.S. at 106; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  Deliberate indifference to serious medical needs occurs when prison officials "deny, delay, or intentionally interfere with medical treatment." Hunt, 865 F.2d at 201 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1984)).  A section 1983 plaintiff must allege facts that show the seriousness of his medical need as well as "the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation.  Estelle, 429 U.S. at

106; McGuckin, 974 F.2d at 1059. Further, a mere difference of opinion over proper medical treatment does not constitute deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, Plaintiff has failed to allege any facts sufficient to state an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants. He generally states that he has a serious medical condition and failure to treat the condition will result in further significant injury. (FAC at 7.) He also summarily claims that Defendants have acted intentionally and with the knowledge of Plaintiff's suffering from serious harm caused by Defendants' actions. (Id.) He has not shown the seriousness of his medical needs, how each specific Defendant interfered with his medical needs and that any Defendant acted with the requisite subjective intent to disregard a serious need for medical care. See McGuckin, 974 F.2d at 1059. His general allegations without specific facts do not support a claim for deliberate indifference to medical needs under the Eighth Amendment. See id. at 1060. Accordingly, Defendants' motion to dismiss on this claim should be **GRANTED.**

## CONCLUSION

In light of the above, this Court recommends Defendants' motion to dismiss Plaintiff's First Amended Complaint brought against Defendants be **GRANTED** and the First Amended Complaint be **DISMISSED** without prejudice. Plaintiff should be given leave to correct the deficiencies in the First Amended Complaint and file a Second Amended Complaint.

This report and recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). IT IS ORDERED that no later than **July 7, 2008**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." IT IS FURTHER ORDERED that any reply to the objections shall be served and filed no later than **July 21, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 12, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court