UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ MUNGUIA,<br><br>    Plaintiff,<br><br> v.<br><br>J. FRIAS, et al.,<br><br>    Defendants. | Civil No. 07cv1016 J (AJB)<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE BATTAGLIA'S REPORT AND RECOMMENDATION AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY.** |

  Before the Court is Magistrate Judge Anthony J. Battaglia's Report and Recommendation ("R&R") recommending the Court grant Defendants D. Pollard, G. Siota, R. Sutton, A. Lopez, and W. Griggs' (collectively, "Defendants") Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 22.] On February 25, 2008 and again on June 5, 2008, Plaintiff filed an Opposition. On February 25, 2008, Defendants filed a Reply. On June 13, 2008, Judge Battaglia filed the R&R. [Doc. No. 22.] Plaintiff has filed no Objections to the R&R. For the reasons set forth below, this Court **ADOPTS** the R&R and **GRANTS** Defendants' instant Motion in its entirety.

*Procedural Background*

On June 4, 2007, Plaintiff Jesus Lopez Munguia, an inmate incarcerated in the California State Prison in Calipatria,[1] California, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  [Doc. No. 1.]  On August 27, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint.  [Doc. No. 6.]  On August 29, 2007, the Court issued an Order informing Plaintiff that he may file a first amended complaint without leave of court before a responsive pleading is filed.  [Doc. No. 7.]  In that Order, the Court cited Ninth Circuit law stating that the amended complaint must be complete in itself without reference to the original complaint and any claims not re-alleged in the amended complaint will be deemed waived.  [*Id.*]  On November 2, 2007, Defendants filed a Motion to Dismiss the Complaint.  [Doc. No. 16.]  On December 11, 2007, the Court allowed Plaintiff to file the First Amended Complaint ("FAC") *nunc pro tunc*.  [Doc. No. 20.]

### *Factual Background*

Defendants Frias, Pollard, Lopez, and Griggs were correctional officers at Calipatria State Prison during the alleged incidents. Defendant Siota was a correctional lieutenant and Defendant Sutton was a correctional sergeant, both at Calipatria State Prison during the alleged incidents.

Around February 2006, Plaintiff went to an outside hospital and received nine staples for a two-inch laceration on the back, top, and left side of his head. (FAC at 5.)  On December 22, 2006, Plaintiff went to an outside hospital for reconstructive knee surgery. (*Id.* at 5-6.)  He was scheduled for another possible knee surgery in October 2007. (*Id.* at 6.)

Plaintiff alleges that Defendants have been aware since February 2006 that Plaintiff needed treatment for pain resulting from Defendants' use of excessive force and wanton infliction of unnecessary pain. (*Id.*)  Plaintiff alleges he still suffers from severe knee pain from when Defendant J. Frias [2] hit him with a baton and that he takes daily pain medication to treat

---

[1] On October 23, 2007, Plaintiff notified the Court that he has been transferred to Valley State Prison. [Doc. No. 15.]

[2] At the time the instant Motion was filed, Defendant Frias had not be properly served and was thus not a party to the instant Motion. Since then, Defendant Frias has been properly served and joined as a defendant and has filed a Motion to Dismiss. [Doc. No. 48.] At this time, the Court refrains from issuing an order pertaining to Defendant Frias.

this pain. (*Id.*)  Finally, Plaintiff claims his medical condition significantly affects his daily activities in prison. (*Id.*)

Plaintiff seeks to hold Defendants liable based on the following theories: (1) use of excessive force when Plaintiff was hit with a baton in Feburary 2006; and (2) deliberate indifference to Plaintiff's medical needs.  (*Id*. at 6-7.)  Plaintiff purports to bring claims under section 1983 for violation of his rights under the Eighth Amendment.  (*Id*. at 7.)  Plaintiff seeks injunctive relief, monetary damages, and costs.  (*Id*. at 8.)

## *Legal Standard*

**A.     Reviewing a Magistrate Judge's R&R**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) and 28 U.S.C. § 636(b)(1).  *See* FED.R.CIV.P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a de novo determination of those portions of the report ... to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1) (2005); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When no objections are filed, the Court may assume the correctness of the Magistrate Judge's findings of fact and decide the motion on the applicable law.  *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*."  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

**B. Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A court may dismiss a claim only when "a plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  The court hearing the motion must accept as true all

1 material allegations in the complaint, as well as reasonable inferences to be drawn from them,
2 and the court must construe the complaint in the light most favorable to the plaintiff. *N.L.*
3 *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Parks School of Bus., Inc. v.*
4 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

5 Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe
6 the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los*
7 *Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is
8 "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 936 F.2d 1258, 1261 (9th Cir.
9 1992). However, in giving liberal interpretation to a *pro se* civil rights complaint, the court may
10 not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of*
11 *the Univ. Of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of
12 official participation in civil rights violations are not sufficient to withstand a motion to dis-
13 miss." *Id*.

14
15 *Discussion*
16 **A. Excessive Force**

17 Defendants argue that Plaintiff has failed sufficiently to allege facts to support his claim
18 of excessive force against any of them. Claims of use of excessive force arising after conviction
19 and sentencing are analyzed under the Eighth Amendment "cruel and unusual punishment"
20 standard. *See Hudson v. McMillian*, 503 U.S. 1 (1992). The United States Supreme Court has
21 established that the unnecessary and wanton infliction of pain constitutes cruel and unusual
22 punishment prohibited by the Eighth Amendment. *Id*. at 5. In determining whether prison
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

officials inflict "unnecessary and wanton pain," the relevant question is whether "'force was applied in a good faith effort to maintain or restore discipline or was applied maliciously and sadistically for the very purpose of causing harm.'" *Id.* (*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

> The Hudson Court laid out five factor to be considered in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.

*Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (*citing Hudson*, 503 U.S. at 7-8).

Plaintiff states that he received a two-inch laceration to his head and severe knee injuries, both of which resulted in hospitalization. (FAC at 5-6.) However, Plaintiff merely alleges that he was "beaten with a baton," that his knee is "still causing pain," and that he is "still being accosted." (FAC at 6-7). At no point does Plaintiff connect a single Defendant to any of these acts, nor does Plaintiff provide specific facts regarding his allegations. Thus, these statements are conclusory and vague and are insufficient to state a claim for relief. *See Ivey*, 673 at 268. As such, the Court **GRANTS** Defendants' instant Motion to dismiss Plaintiff's claims of unnecessary force.[3]

**B. Deliberate Indifference to Serious Medical Needs**

Defendants also argue that Plaintiff has failed to allege sufficiently his claim of deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v.*

///
///
///
///
///
///

---

[3] While Plaintiff's averment that Defendant Frias beat him with a baton (FAC at 6) may be sufficient to state a claim upon which relief can be granted, the Court does not consider that issue at this time since Defendant Frias was not properly joined as a Defendant for present purposes.

*Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  This principle "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration."  *Id.* at 103.  The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; If the authorities fail to do so, those needs will not be met."  *Id.*; *see also West v. Atkins*, 487 U.S. 42, 54-55 (1988).

Thus, to establish a violation of the Eighth Amendment under the deliberate indifference standard, Plaintiff must plead sufficient acts or omissions to show that Defendants were deliberately indifferent to his serious medical needs.  *See Estelle*, 429 U.S. at 106; *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).  Deliberate indifference to serious medical needs occurs when prison officials "deny, delay, or intentionally interfere with medical treatment."  *Hunt*, 865 F.2d at 201 (*quoting Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1984)).  A section 1983 plaintiff must allege facts that show the seriousness of his medical need as well as "the nature of the defendant's response to that need."  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. V. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation.  *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059.  Further, a mere difference of opinion over proper medical treatment does not constitute deliberate indifference.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In the FAC, Plaintiff states generally that he has a serious medical condition and failure to treat the condition will result in further significant injury.  (FAC at 7.)  Plaintiff also summarily claims that Defendants have acted intentionally and with the knowledge that their actions have caused Plaintiff serious harm.  (*Id.*)  Plaintiff has failed to show the seriousness of his medical needs, how each specific Defendant interfered with his medical needs, or that any Defendant acted with the requisite intent to disregard his need for medical care.  *See McGuckin*, 974 F.2d at 1059.  Plaintiff's general allegations without specific facts do not support a claim of deliberate indifference to medical needs under the Eighth Amendment.  *See id.* at 1060.  Accordingly, the

Court **GRANTS** Defendant's instant Motion to dismiss Plaintiff's claims of deliberate indifference.

### *Conclusion*

For the reasons set forth above, this Court **ADOPTS** the R&R, **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint in its entirety, and **DISMISSES** the First Amended Complaint without prejudice. The Court **GRANTS** Plaintiff leave to correct the deficiencies in the First Amended Complaint and to file a Second Amended Complaint.[4]

**IT IS SO ORDERED.**

DATED: September 25, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
    All Counsel of Record

---

[4]Plaintiff should note that all claims alleged in the original Complaint or First Amended Complaint which are not asserted in the Second Amended Complaint will be considered waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).