cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Lopez MUNGUIA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>J. FRIAS, et al.,<br><br>　　　　　　　Defendants. | Civil No.  07cv1016 J (AJB)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No.  57.] |

　　　Defendants J. Frias, D. Pollard, G. Siota, R. Sutton, A. Lopez, and W. Griggs (collectively referred to as "Defendants") have filed a motion to dismiss Plaintiff Jesus Lopez Munguia's Second Amended Complaint for failure to exhaust administrative remedies and pursuant to Federal Rule of Civil Procedure 12(b)(6).  To date, Plaintiff has not filed an opposition, despite notice. After a thorough review of the papers and all supporting documents, this Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED in part and DENIED in part**.

**BACKGROUND**

**A.　Procedural History**

　　　On June 4, 2007, Plaintiff, an inmate incarcerated at the California State Prison in Calipatria,[1] California, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C.

---

　　[1] On October 23, 2007, Plaintiff notified the Court that he has been transferred to Pleasant Valley State Prison.  (Dkt. No. 15.)

§ 1983. On December 11, 2007, District Judge Napoleon A. Jones allowed the filing of Plaintiff's First Amended Complaint. (Dkt. No. 20.) On December 13, 2007, Defendants A. Lopez, W. Griggs, D. Pollard, G. Siota and R. Sutton filed a motion to dismiss the First Amended Complaint. On June 13, 2008, the Court issued a report and recommendation. On September 16, 2008, Defendant Frias filed a motion to dismiss the First Amended Complaint. On September 25, 2008, the District Judge adopted the report and recommendation granting Defendants' motion to dismiss as to Defendants Lopez, Griggs, Pollard, Siota and Sutton with leave to amend. (Dkt. No. 49.) However, the Court did not address Defendant Frias' motion to dismiss since he had not been properly served at the time Defendants Lopez, Griggs, Pollard, Siota and Sutton filed their motion to dismiss. On October 17, 2008, the District Judge deferred ruling on the motion to dismiss by Defendant Frias until Plaintiff filed a Second Amended Complaint. (Dkt. No. 51.) On December 4, 2008, Plaintiff filed a Second Amended Complaint. On December 12, 2008, District Judge Jones denied Defendant Frias' motion to dismiss as moot because Plaintiff filed a Second Amended Complaint. (Dkt. No. 58.) On December 11, 2008, all Defendants filed a motion to dismiss. Plaintiff has not filed an opposition.

**B.     Factual Background**

According to the Second Amended Complaint, Defendants J. Frias, D. Pollard, A.Lopez and W. Griggs were correctional officers, Defendant G. Siota was a correctional lieutenant and Defendant R. Sutton was a correctional sergeant at Calipatria State Prison during the alleged incident.

On February 28, 2006, Plaintiff alleges that Defendant Frias berated and spat on his face, pepper-sprayed him and hit him on the legs with a baton. (Second Am. Compl. ("SAC") ¶14.) Defendant Frias also hit Plaintiff on the head which caused a laceration that required "staples." (Id.) Thereafter, Plaintiff also claims that Defendant Pollard sprayed Plaintiff with pepper-spray in the open wound causing him great pain and irritation which lasted up to four days. (Id.)

Following the incident, Plaintiff was led out of the building by Defendant Pollard. (Id. ¶ 15.) Plaintiff saw Defendant Siota standing in front of the building with several other correctional officers. (Id.) At that point, Defendant Frias forcefully punched Plaintiff in his lower right rib area and Defendant Siota did not attempt to stop Defendant Frias from the attack. (Id.)

Defendant Griggs and another correctional officer escorted Plaintiff to the infirmary. (Id. ¶ 16.) Defendant Griggs allegedly kept demanding that Plaintiff, who was covered with blood, walk faster and yanked Plaintiff's handcuffed right arm forcing Plaintiff to walk faster despite the fact that he was limping and in excruciating pain during the approximately one-half mile walk to the infirmary. (Id.)

Plaintiff claims that Defendant Sutton was involved in fabricating evidence when he asked Plaintiff's cellmate to write a statement that "[Plaintiff] was struck only once and that he slipped in the pepper spray, and fell and cracked his head open." (Id. ¶ 17.) Plaintiff alleges his cellmate wrote in his statement "I said I didn't see that happen." (Id.)

Plaintiff further asserts that Defendant Lopez denied him his due process rights by kicking his cell door and throwing Plaintiff's Rules Violation Report under the door without allowing Plaintiff the right to postpone his disciplinary hearing, request an investigative employee or request witnesses. (Id. ¶ 18.) Plaintiff also claims that on March 25, 2006, Defendant Lopez opened his cell door "tray slot" and threw two eight ounce milk cartons at his body saying "-uck you, you piece of -hit." (Id.) In addition, on April 1, 2006, Defendant Lopez kicked Plaintiff's cell door and stated, "You don't want me to be your [investigative employee], you piece of -hit." (Id.)

Plaintiff seeks to hold Defendants liable based on the theories that: (1) Defendants Frias, Pollard and Lopez used excessive force; (2) Defendants Lopez, Griggs, Siota and Sutton acted with deliberate indifference to his serious medical needs; (3) Defendant Lopez violated his due process rights; (4) all Defendants implemented maintained and tolerated deficient policies, practices and customs; (5) all Defendants acted with class based animus and (6) all Defendants retaliated against him. Plaintiff seeks injunctive relief, an evidentiary hearing, general, actual, compensatory and punitive damages, and costs. (Id. at 13.)

**DISCUSSION**

Defendants Frias, Pollard, Lopez, Siota, Sutton and Griggs now move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) and 12(b)(6). Defendants contend that: (1) Plaintiff has failed to properly exhaust his administrative remedies; and (2) the Second Amended Complaint fails to state a claim.

**A.    Exhaustion of Administrative Remedies**

      The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "no action shall be brought with respect to prison conditions under § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is no longer within the discretion of the district courts but is mandatory. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). "Prisoners must now exhaust all available remedies, not just those that meet federal standards." Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 2386. However, once no remedy remains "available," a prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

      A plaintiff who fails to exhaust available administrative remedies prior to filing suit is subject to dismissal on an "unenumerated Rule 12(b) motion, rather than a summary judgment motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Nonexhaustion under § 1997e(a) is an affirmative defense and defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S. Ct. 910, 919 (2007); Brown, 422 F.3d at 936 ("it is of central importance that § 1997e(a) is an affirmative defense").

      An inmate is required to use the administrative process that the state provides in order to exhaust his administrative remedies. See Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). The administrative review process of the California Department of Corrections consists of a grievance system for prisoner complaints, in which "any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Four levels of appeal exist: (1) informal resolution, (2) formal written appeal via a Form 602 grievance, (3) second level appeal to the institution head, and (4) third level appeal to the Director of the California Department of Corrections. At each level, the inmate must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision. Id. at 3084.6(c).

      The prisoner must also comply with the state's "critical procedural rules" governing its administrative grievance or appeals procedure in order to "properly exhaust." See Woodford, 126 S.Ct. at 2388. "[Proper exhaustion] means . . . a prisoner must complete the administrative review process in

accordance with the applicable procedural rules . . . as a precondition to bring[ing] suit in federal court." Id. at 2386. In Woodford, the Supreme Court held that a California prisoner whose grievances were rejected all the way up to the third or "Director's Level" of review based on his failure to comply with Cal. Code Regs., tit. 15 § 3084.5's 15-day time limit for submitting CDC 602 appeals, did not "properly exhaust" and therefore, his claims were subject to dismissal pursuant to 42 U.S.C. § 1997e(a). Id. at 2387-93.

The exhaustion requirement does not require Plaintiff to name all defendants in the grievance as long as the prison's policies do not require such detail. Jones, 127 S. Ct. at 922. ("[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."). Under the California regulations, a prisoner "shall use a CDC Form 602, Inmate/Parolee Appeal Form to describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). CDC 602 does not require a prisoner to name or identify specific prison officials. Lewis v. Mitchell, 416 F. Supp. 2d 935, 941-42 (S. D. Cal. 2005).

During the relevant time period, Plaintiff submitted two appeals that were accepted at the Director's Level or Third Level appeal. CAL No. 06-779 was accepted on September 14, 2006 and concerns allegations against Defendant Lopez and CAL No. 06-1910 was accepted on January 17, 2007 and concerns allegations against Defendants Pollard and Frias. (Grannis Decl., Ex. 1.) Another appeal that was received on December 12, 2006 was screened out without a log number. (Id.)

The claims or even facts concerning the allegations against Defendants Griggs, Sutton and Siota were never appealed to the Third Level. Therefore, the claims against Defendants Griggs, Sutton and Siota are not exhausted and should be dismissed.[2]

CAL No. 06-779 contains three different appeals with a similar issue. Plaintiff alleges a due process violation, retaliation and a claim of excessive force concerning three different incidents in March and April 2006 against Defendant Lopez similar to the ones in the Second Amended Complaint. This appeal was submitted to the Third Level and denied. (Bell Decl., Ex. 2; Grannis Decl. ¶ 7(a).)

---

[2]The Court also notes that the claims against Defendants Griggs, Sutton and Siota were not exhausted because they were screened out as untimely at the first level of review. (Bell Decl., Exs. 4 (Defendant Sutton), 5 (Defendant Griggs), 8 (Defendant Siota).) Therefore, since Plaintiff failed to comply with the procedural deadlines, his claims must be dismissed as unexhausted. See Woodford, 458 U.S. at 90-91.

Therefore, the due process, retaliation and excessive force claims against Defendant Lopez are exhausted.

CAL No. 06-1910 concerns the alleged use of force and retaliation by Defendants Frias and Pollard in connection with the incident on February 28, 2006. The appeal was submitted to the Third Level of review and the appeal was granted in part. (Bell Decl., Ex. 3; Grannis Decl. ¶ 7(b).) Therefore, the claims of excessive force and retaliation against Pollard and Frias are exhausted.

The Court now looks to the claims that failed to be exhausted. In the Second Amended Complaint, Plaintiff presents conclusory allegations of an Eighth Amendment claim for deliberate indifference to serious medical needs; implementing, maintaining and tolerating deficient policies, practices and customs; and class-based animus against all Defendants. These claims were not addressed or referred to in the two appeals that successfully made it to the Third Level of review. Therefore, Plaintiff has failed to exhaust administrative remedies as to these claims.

Based on the above, the Court concludes that the claims against Defendants Griggs, Sutton and Siota are not exhausted and RECOMMENDS that these claims be DISMISSED with prejudice. The Court also RECOMMENDS that the Eighth Amendment claim for deliberate indifference to serious medical needs; implementing, maintaining and tolerating deficient policies, practices and customs; and class-based animus be DISMISSED with prejudice. The Court further concludes and Defendants agree that the claims against Defendants Frias and Pollard for excessive force and retaliation and against Defendant Lopez for due process violation, excessive force and retaliation have been properly exhausted. (Ds' P & A at 10.)

**B.    Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must

construe the complaint in the light most favorable to the plaintiff. N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.

### 1. Eleventh Amendment Immunity

Defendants seek dismissal of Plaintiff's damages claims to the extent they are based on acts taken in their official capacities and the injunctive relief sought by Plaintiff. Plaintiff states that he is suing Defendants in both their official and individual capacities for monetary damages and injunctive relief. (SAC ¶¶ 5-11.) While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, Will v. Michigan, 491 U.S. 58, 66 (1989), it does not bar damage actions against state officials in their personal or individual capacities. Hafer v. Melo, 502 U.S. 21, 31 (1991); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. Ashker v. California Dep't of Corrections, 112 F.3d 392, 395 (9th Cir. 1997). The Eleventh Amendment prohibits actions for damages against an "official's office," that is, actions that are in reality suits against the state itself. Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). The Eleventh Amendment, however, does not bar actions against state officers in their official capacities as to declaratory judgment or injunctive relief. Chaloux v. Killeen, 886 F.2d 247, 252 (9th Cir. 1989).

In the Second Amended Complaint, Plaintiff is suing Defendants in both their official and individual capacities for money damages and seeks injunctive relief for "proper medical treatment." (SAC at 13:11-12.) Since the Court has concluded that the claims for deliberate indifference to serious

medical needs should be dismissed for failure to exhaust administrative remedies, the claim for injunctive relief is no longer valid. Therefore, the Court RECOMMENDS that Defendants' motion to dismiss the claim for injunctive relief be GRANTED and DISMISSED. The Court also RECOMMENDS that Defendants' motion to dismiss on Eleventh Amendment grounds be GRANTED to the extent that Plaintiff seeks damages against Defendants in their official capacity and that such claims be DISMISSED with prejudice. However, the Eleventh Amendment imposes no bar to Plaintiff's damages action against Defendants in their personal capacities. The Court will now consider Defendants' motion to dismiss on those claims.

**2.      Section 1983 Claims**

      **a.      Excessive Force as to Defendants Frias and Pollard**

Defendants do not dispute that Plaintiff has stated a claim of excessive force against Defendants Frias and Pollard. (See Ds' Mot. to Dismiss filed 12/11/08 at 4.) Accordingly, based on Defendants' non-opposition, the Court RECOMMENDS that the motion to dismiss as to Defendants Frias and Pollard for excessive force pursuant to Federal Rule of Civil Procedure 12(b)(6) be DENIED.

      **b.      Excessive Force as to Defendant Lopez**

Defendants argue that Plaintiff has failed to sufficiently allege a claim of excessive force against Defendant Lopez. Claims of excessive use of force arising after conviction and sentence are analyzed under the Eighth Amendment's "cruel and unusual punishment" analysis. See Hudson v. McMillian, 503 U.S. 1 (1992). The United States Supreme Court has established that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Id. at 5. In determining whether prison officials inflicted "unnecessary and wanton pain," the relevant question is whether "force was applied in a good faith effort to maintain or restore discipline or was applied maliciously and sadistically for the very purpose of causing harm." Id. (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Although it is not necessary for plaintiff to demonstrate a significant injury, the *de minimus* use of physical force does not give rise to a federal cause of action as long as the use of force is not "repugnant to the conscience of mankind." Id. at 9.

Here, the Second Amended Complaint alleges that on March 25, 2006, Defendant Lopez "opened his cell door 'tray slot' and threw two eight ounce milk cartoons (sic) at his body, and saying

1  '_uck you, you piece of _hit.'" (SAC ¶¶ 18, 20.)  He also claims that on April 1, 2006, Defendant Lopez
2  kicked Plaintiff's cell door and stated "you don't want me to be your [IE] you piece of _hit." (Id. ¶ 18.)

4  Plaintiff has not alleged any injury as a result of having two eight ounce milk cartons thrown at
5  him or by Defendant Lopez kicking Plaintiff's cell door and saying "you don't want me to be your [IE]
6  you piece of _hit."  Moreover, having two eight ounce milk cartons thrown at a person or having
7  profanity yelled at a person are not acts "repugnant to the conscience of mankind" and do not amount to
8  a claim of excessive force as contemplated by the United States Supreme Court in Hudson.  See Hudson,
9  503 U.S. at 9. Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss the claim of
10 excessive force as to Defendant Lopez be **GRANTED.**

      **c.**  **Due Process Claim Against Defendant Lopez**

12 Defendant Lopez argues that the claim of due process rights violation be dismissed because
13 Plaintiff received all the process he was due.  Plaintiff alleges that Defendant Lopez kicked Plaintiff's
14 door and threw his Rules Violation Report under the door without allowing Plaintiff the right to
15 postpone his disciplinary hearing, request an investigative employee, or request witnesses.  (SAC ¶ 18.)
16 The procedural guarantees of the due process clause of the Fourteenth Amendment apply only
17 when a constitutionally-protected liberty or property interest is at stake.  See Ingraham v. Wright, 430
18 U.S. 651, 672 (1977); Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States,
19 67 F.3d 858, 861 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995).  Liberty
20 interests can arise from the Constitution or may be created by state law or regulations.  See Hewitt v.
21 Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Wolff v.
22 McDonnell, 418 U.S. 539, 557-58 (1974); Smith v. Sumner, 994 F.2d 1401, 1405-06 (9th Cir. 1993).
23 A prisoner has a liberty interest in good time credits.  Wolff v. McDonnell, 418 U.S. 539, 557
24 (1974).  Although a prisoner enjoys certain due process rights in a disciplinary hearing, "the full
25 panoply of rights due a defendant in [criminal] proceedings do not apply." Id. at 556. "Where a prison
26 disciplinary hearing may result in the loss of good times credits, . . . the inmate must receive: (1)
27 advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional
28 safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3)

1  a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary
2  action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citation omitted).

3  Here, Plaintiff received the process that he was due. In the Second Amended Complaint, among
4  the three procedures due to a prisoner, Plaintiff argues that he was denied his request for witnesses.
5  According to the exhibits attached to the original Complaint[3], the investigative employee interviewed
6  witnesses using Plaintiff's questions. (Compl., Ex. A at 49-53.) The report states that "a number of
7  inmates that Inmate MUNGUIA requested as witnesses were interviewed. These inmates were from
8  cells D3-207, 208, 210, 217, 219, 220, 223, and 237." (Id. at 53.) On the day of the hearing, Plaintiff
9  acknowledged receipt of all reports and was ready to proceed. (Id. at 55.) The hearing officer
10 concluded that all time constraints and due process had been met. (Id.) Plaintiff requested witnesses at
11 his hearing but later declined the presence of all witnesses. (Id.) Therefore, his request for witnesses
12 was granted but Plaintiff declined their presence at the hearing. In addition, contrary to his argument,
13 Plaintiff accepted the assignment of the Investigative Employee and did not request a postponement of
14 his disciplinary hearing. (Id. at 49, 55.) Based on the record, the Court concludes that Plaintiff received
15 all the process that was due. Therefore, the Court RECOMMENDS that Defendant Lopez' motion to
16 dismiss the claim of due process violation be GRANTED.

### d.    Retaliation Claim Against Defendants Lopez, Frias and Pollard

18 Defendants Lopez, Frias and Pollard move to dismiss the retaliation claim against them. The
19 First Amendment provides protections against "deliberate retaliation" by prison officials against an
20 inmate's exercise of his right to petition for redress of grievances. See Soranno's Gasco, Inc. v.
21 Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The Ninth Circuit has held that the right of meaningful
22 access to the courts extends to established prison grievance procedures. See Valandingham v.
23 Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.
24 1997). "A prisoner's right of meaningful access to the courts, along with his broader right to petition the

---

[3] Defendants request judicial notice of the initial Complaint and attached exhibits filed in this case on June 4, 2007. Federal Rule of Evidence 201(b)(2) allows judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of court records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Wells v. United States, 318 U.S. 257, 260 (1943). Accordingly, the Court grants Defendants' request for judicial notice of the Complaint and exhibits filed on June 4, 2007.

government for a redress of grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

In the prison context, an inmate suing prison officials pursuant to § 1983 for First Amendment retaliation must allege facts to show: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Plaintiff must show that the specific constitutionally protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act. Soranno's Gasco, 874 F.2d at 1314.

As to Defendant Lopez, Plaintiff alleges that his act of throwing two eight ounce cartons of milk at him and processes relating to a disciplinary hearing were not offered to him was in retaliation of his attempt to obtain redress of his grievances. He claims that he was exercising his constitutional right to address a grievance when Defendants allegedly threatened to prevent him from redressing a grievance. Plaintiff has alleged facts sufficient to satisfy the first three prongs of a retaliation claim. However, Plaintiff has failed to allege facts sufficient to show that such action chilled his exercise of his First Amendment rights and that Defendants' actions did not "advance legitimate penological goals." See Barnett, 31 F.3d 813, 815-16 (9th Cir. 1994). Since Plaintiff has failed to allege a claim of retaliation against Defendant Lopez, the Court RECOMMENDS that Defendants Lopez' motion to dismiss Plaintiff's claim of retaliation be GRANTED.

As to Defendants Frias and Pollard, Plaintiff has failed to allege a protected conduct that he was being retaliated against by the Defendants when they allegedly hit and pepper sprayed Plaintiff on February 28, 2006. Accordingly, the Court RECOMMENDS that Defendants' motion to dismiss the claim for retaliation as to Defendants Frias and Pollard be DISMISSED.

## CONCLUSION

In light of the above, this Court RECOMMENDS Defendants' motion to dismiss Plaintiff's Second Amended Complaint be **GRANTED in part and DENIED in part.** Specifically, the Court RECOMMENDS the following:

1. Defendants' motion to dismiss the excessive force claim against Defendants Frias and Pollard be DENIED.

2. Defendants Griggs, Sutton and Siota motion to dismiss be GRANTED with prejudice for failure to exhaust administrative remedies.

3. Defendants' motion to dismiss the claims of deliberate indifference to serious medical needs; implementing, maintaining and tolerating deficient policies, practices and customs; and class-based animus be DISMISSED with prejudice for failure to exhaust administrative remedies.

4. Defendant Lopez' motion to dismiss the excessive force and due process violation claims be DISMISSED.

5. Defendants Frias, Pollard and Lopez' motion to dismiss the retaliation claim be DISMISSED.

6. All Defendants' motion to dismiss the claim for injunctive relief be GRANTED and DISMISSED and Defendants' motion to dismiss on Eleventh Amendment grounds be GRANTED with prejudice to the extent that Plaintiff seeks damages against Defendants in their official capacity.

This report and recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  IT IS ORDERED that no later than **February 27, 2009**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  IT IS FURTHER ORDERED that any reply to the objections shall be served and filed no later than **March 13, 2009**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: January 27, 2009

                                              Hon. Anthony J. Battaglia
                                              U.S. Magistrate Judge
                                              United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28