cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Jesus Lopez MUNGUIA, | ) | Civil No. 07cv1016 J (AJB) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| J. FRIAS, et al., | ) ) | [Doc. No. 65] |
| Defendants. | ) ) | |

Plaintiff, Jesus Lopez Munguia, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed an action under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth and Fourteenth Amendments by prison officials. On July 20, 2009, Plaintiff constructively filed a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1).[1] For the reasons set forth below, the Plaintiff's motion is DENIED.

### *Discussion*

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court for Southern District of Iowa*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28

---

[1] Plaintiff previously moved the Court for appointment of counsel on November 18, 2007. [Doc. No. 18].

U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Mallard*, 490 U.S. at 300-301 (U.S. 1989); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff argues that he is entitled to an appointment of counsel on the grounds that (1) Plaintiff is unable to afford counsel; (2) Plaintiff's ability to litigate is greatly limited by his imprisonment; (3) Plaintiff's case involves complex issues; (4) counsel would better enable Plaintiff to present evidence and cross examine witnesses; and (5) Plaintiff has made repeated fruitless attempts to retain an attorney.

As to the Plaintiff's first ground for appointment of counsel, the Court accepts that Plaintiff, who is proceeding *in forma pauperis*, is unable to afford an attorney. However, the Plaintiff's ability to afford counsel is a threshold question. In order to be eligible for a judicial request for counsel under 28 U.S.C. § 1915(e)(1), a plaintiff must demonstrate both indigence *and* the existence of exceptional circumstances, *see Terrell*, 935 F.2d at 1017, and the Plaintiff has failed to show the latter.

With regard to the Plaintiff's second ground, the Plaintiff has adequately litigated his claims before this court despite his continued imprisonment. Specifically, Plaintiff claims his limited access to the prison law library has impaired his ability to litigate his claims. However, despite this limited access, Plaintiff has shown himself capable of articulating with sufficient clarity his claims and arguments and supporting those with statutory and case law. "[T]he Constitution requires that certain minimum standards be met; it does not require the maximum or even optimal level of access." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (quoting *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989)) (holding that prisoner in administrative segregation's access to law books, though limited, was constitutionally adequate).

As a third ground for requiring an appointment of counsel, Plaintiff argues that his case involves complex issues. However, Plaintiff has failed to demonstrate that his claims involve either factual or legal issues of sufficient complexity to warrant a request for counsel. *See Terrell*, 935 F.2d at 1017.

Plaintiff has demonstrated his ability to adequately and articulately litigate his claims without the assistance of judicially appointed counsel. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (concluding that petitioner had a good understanding of the issues involved and denying motion for appointment of counsel).

In Plaintiff's fourth ground, he argues that counsel would "better enable" him to present evidence and cross examine witnesses. When determining whether to request counsel on behalf of an indigent plaintiff, the relevant consideration is not one of convenience. *See Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986) ("the additional assistance provided by attorneys, while significant, is not compelling") (italics omitted). Rather, the court must determine whether exceptional circumstances exist so as to necessitate an appointment of counsel. Although Plaintiff has demonstrated the possibility of success on the merits, this factor alone is not dispositive of whether the Court should request counsel for Plaintiff. *See Terrell*, 935 F.2d at 1017. The Court must also consider whether Plaintiff has the ability "to articulate his claims *pro se* in light of the complexity of the legal issues involved," *Id*. Plaintiff has demonstrated that he has the ability to set forth the factual and legal bases for his claims in a straightforward and intelligent manner with sufficient clarity to allow them to be addressed on their merits. The Plaintiff's legal claims, and the factual basis for those claims in this case, are not so complex as to require the appointment of counsel. *See Hedges*, 32 F.3d at 1363. Accordingly, the Court finds no "exceptional circumstances" to warrant a judicial request for counsel pursuant to 28 U.S.C. § 1915(e)(1).

Finally, the Plaintiff's failure to locate an attorney on his own is not a proper factor for the Court to consider in determining whether to request counsel. If exceptional circumstances exist, then the Court may assume the responsibility of requesting counsel for a plaintiff. 28 U.S.C. § 1915(e)(1); *Mallard*, 490 U.S. at 300-301. However, if the Court concludes that no exceptional circumstances exist so as to warrant a request for counsel, then Plaintiff is not unduly prejudiced by failing to retain an attorney on his own. *See Knaubert*, 791 F.2d at 728-729.

///

///

///

*Conclusion*

Based upon the foregoing, the Court finds the Plaintiff has failed to demonstrate that exceptional circumstances exist so as to justify a judicial request for counsel pursuant to 28 U.S.C. § 1915(e)(1). Accordingly, the Plaintiff's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

DATED: August 12, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court