cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Lopez MUNGUIA,<br><br>              Plaintiff,<br>v.<br><br>J. FRIAS, et al.,<br><br>              Defendants. | Civil No. 07-CV-1016 AJB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF'S MOTION TO REBUTTAL DEFENDANT'S EXPERT WITNESS DESIGNATION**<br><br>[Doc. Nos. 84, 85] |

      Plaintiff, Jesus Lopez Munguia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983, alleging prison officials violated his rights under the Eighth and Fourteenth Amendments[1]. On October 23, 2009, in accordance with 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73, both parties consented to proceed before this Court, and the case was referred to the undersigned judge for all further proceedings and the entry of judgment. [Doc. No. 70.] Plaintiff has made two motions currently before this Court. First, on April 27, 2010, Plaintiff filed a "Motion to Rebuttal Defendant's Expert Witness Designation," in which the Plaintiff seeks assistance in contacting expert witnesses because of his incarceration and requests direction on how to obtain the normal rate for expert witness charges. [Doc. No. 84.] Second, on June 18, 2010, Plaintiff filed a Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1). [Doc. No. 85.] Plaintiff previously filed two motions for appointment of counsel which were denied by this Court on January 8, 2008 and August 12, 2009. [Doc.

---

[1] After disposition of the Defendant's motion to dismiss, the remaining claim is excessive force against Defendants D. Pollard and J. Frias. [Doc. No. 68.]

Nos. 24 and 66.] In the current motion for appointment of counsel, Plaintiff argues that counsel is required based upon Plaintiff's indigent status. For the reasons set forth below, Plaintiff's "Motion to Rebuttal Defendant's Expert Witness Designation" and Motion for Appointment of Counsel are hereby **DENIED**.

### *Discussion*

*1. Plaintiff's Motion for Appointment of Counsel*

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court for Southern District of Iowa*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, districts courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Mallard*, 490 U.S. at 300-301 (U.S. 1989); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff argues that he is entitled to appointment of counsel solely on the ground that he is unable to afford counsel. Although the Court is cognizant that the Plaintiff is unable to afford an attorney, his ability to afford counsel is not dispositive. In order to be eligible for a judicial request for counsel under 28 U.S.C. § 1915(e)(1), a Plaintiff must demonstrate both indigence *and* the existence of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d at 1017. In the present case, the Plaintiff has successfully litigated his case and survived a motion to dismiss his remaining claim against Defendants D. Pollard and J. Frias . Moreover, because the factual basis surrounding the Plaintiff's claim of excessive force against the remaining Defendants is not so complex as a warrant appointment of counsel, the Plaintiff has failed to show the existence of exceptional circumstances. Finally, the Plaintiff has not articulated any new facts or circumstances, since his last motion for appointment of counsel, that

would justify appointment of counsel in the present motion. Accordingly, Plaintiff's motion for appointment of counsel is hereby **DENIED.**

*2. Plaintiff's "Motion to Rebuttal Defendant's Expert Witness Designation"*

Plaintiff has also submitted a "Motion to Rebuttal Defendant's Expert Witness Designation," filed *nunc pro tunc* to April 19, 2010. [Doc. No. 84.] In the motion, Plaintiff appears to be seeking assistance in contacting expert witnesses and requests guidance as to the normal rates charged by an expert witness. [Doc. No. 73.] However, the Scheduling Order provides,

> "The parties shall disclose the identity of their respective experts in writing by *April 1, 2010*. The date for the disclosure of the identity of rebuttal experts shall be on or before *April 16, 2010*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony." [Scheduling Order ¶ 1, Doc. No. 73.]

Thus, the Court is not required, nor is it permitted, to assist a pro se plaintiff in litigating his case. *See*, *e.g.*, *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Gordon v. Barnett*, 2007 WL 4358314, at *3 (W.D. Wash. Dec. 7, 2007) (stating that if the pro se plaintiff had asked the court for legal advice, the court "could not have done more than direct plaintiff to the applicable rules of civil procedure[]"); *cf. Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that a district court lacks authority to appoint expert witnesses for a plaintiff proceeding in forma pauperis). Accordingly, Plaintiff's "Motion to Rebuttal Defendant's Expert Witness Designation" is hereby **DENIED**. If Plaintiff wishes to hire expert witnesses to provide testimony, he must locate and contact them on his own behalf.

### *Conclusion*

For the reasons set forth above, Plaintiff's "Motion to Rebuttal Defendant's Expert Witness Designation" and Motion for Appointment of Counsel are hereby **DENIED**.

IT IS SO ORDERED.

DATED: July 20, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court